IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN B. FELDER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) NO. 3:11-CV-260 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on June 23, 2011, Petitioner, John B. Felder, a *pro se* prisoner. Petitioner has filed another habeas corpus petition attempting to challenge his criminal conviction and sentence under cause number 46D01-0306-FB-72 in the LaPorte Superior Court. For the reasons set forth below, this case is **DISMISSED** for want of jurisdiction.

BACKGROUND

In *Felder v. Farley*, 3:92-CV-268 (N.D.Ind. filed October 20, 1992), John B. Felder challenged the conviction that he is challenging in this petition. Habeas corpus was denied in that case and final judgment was entered on January 6, 1995 (DE# 56).

DISCUSSION

This Court lacks jurisdiction to hear this successive habeas corpus petition. Regardless of whether the claims that Felder is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore any claims previously presented must be dismissed. Additionally, for any claim not previously presented,

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3). Here, Felder has not obtained an order from the court of appeals permitting him to proceed with any previously unpresented claims. "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** for want of jurisdiction.


DATED: July 6, 2011               /s/RUDY LOZANO, Judge
                                  United States District Court